```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

FREDDIE MYERS, §
TDCJ-CID NO.519142, §
    Petitioner, §
 §
v. § CIVIL ACTION H-10-3129
 §
RICK THALER, §
    Respondent. §

<u>MEMORANDUM AND ORDER ON DISMISSAL</u>

Petitioner Freddie Myers, a state inmate proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge the revocation of his parole. (Docket Entry No.1). Because petitioner has failed to exhaust his state court remedies, the Court will dismiss this action.

<u>Background</u>

In June 1989, petitioner was convicted in state district court of delivery of a controlled substance and sentenced to forty years confinement in TDCJ-CID. <u>Myers v. Kinker</u>, Civil Action No.4:01-1615 (S.D. Tex. July 4, 2002). Petitioner claims that his parole was revoked on March 18, 2010, after he was arrested on false charges that he failed to report to his hearing officer and parole officer as directed. (Docket Entry No.1). He also claims that he was denied the right to appeal his motion to reopen the parole hearing and denied the effective assistance of counsel during the revocation process. (<u>Id.</u>). He claims that he is innocent of the charges upon which his parole was revoked and unlawfully

incarcerated. (Id.).

## Analysis

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. Coleman v. Thompson, 501 U.S. 722 (1991). Those statutes provide in pertinent part as follows:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)  there is an absence of available State corrective process; or
>
> (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * *
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) - (c). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them

to federal court.  Castille v. Peoples, 489 U.S. 346 (1989); Fisher v. State, 169 F.3d 295, 302 (5th Cir. 1999).  Generally, exhaustion in Texas may take one of two paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a Petition for Discretionary Review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals.  Myers v. Collins, 919 F.2d 1074 (5th Cir. 1990).

Claims regarding parole revocation procedures are cognizable under Article 11.07 of the Texas Code of Criminal Procedure.  Ex parte Evans, 964 S.W.2d 643, 648 (Tex. Crim. App. 1998) (citing Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist., 910 S.W.2d 481, 484 (Tex. Crim. App. 1995)).  As with claims pertaining to a criminal trial, a prisoner must file an application for state habeas corpus relief in the court and county in which he was convicted.  See id. (citing Ex parte Woodward, 619 S.W.2d 179 (Tex. Crim. App. 1981) and Ex parte Alexander, 861 S.W.2d 921, 922 (Tex. Crim. App.1993)).

Plaintiff indicates that he has not presented any of the aforementioned claims to any state or federal court.  (Docket Entry No.1).  Therefore, he has not exhausted all available state remedies with respect to the claims in the present habeas action.

Because this process remains available, petitioner does not demonstrate that he fits within a recognized exception to the exhaustion doctrine. Comity requires this Court to defer until the Texas Court of Criminal Appeals has completed its review of petitioner's claims. Accordingly, this petition is subject to dismissal under 28 U.S.C. § 2254 for failure to exhaust.

## Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was

correct in its procedural ruling." <u>Beazley</u>, 242 F.3d at 263 (quoting <u>Slack</u>, 529 U.S. at 484); *see also* <u>Hernandez v. Johnson</u>, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be DENIED.

## Conclusion

For these reasons, the Court ORDERS as follows:

1. The petition is DISMISSED WITHOUT PREJUDICE, for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2. A certificate of appealability is DENIED.

3. All other pending motions are DENIED.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas on September 27, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE